ROBINSON & ROBINSON, LLP
JEFFREY A. ROBINSON (SBN:132262)
jar@rrlawyers.com
2301 Dupont Drive, Suite 530
Irvine, CA  92612
Tel:    (949) 752-7007
Fax:   (949) 752-7023

Attorneys for Plaintiffs Alan Hicks; Aaron Hicks; Robert Richardson; Twin Hicks

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ALAN HICKS, an individual; AARON HICKS, an individual; ROBERT RICHARDSON, an individual; TWIN HICKS, a joint venture,

            Plaintiffs,

    vs.

GREGORY PERKINS,  an individual; PERKINS, INC., a corporation, and DOES 1-25,

        Defendants
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV11-01894 PSG (JCGx)


FIRST AMENDED COMPLAINT FOR:
   (1) COPYRIGHT INFRINGEMENT;
   (2) BREACH OF CONTRACT;
   (3) ACCOUNTING;
   (4)  UNFAIR BUSINESS
       PRACTICES (CIVIL CODE
       SECTION 17200);
   (5) UNAUTHORIZED USE OF
       NAME (CIVIL CODE  SECTION
       3344);
   (6) VIOLATION OF LANHAM
       ACT;
   (7) COMMON LAW TORTS OF
       FALSE ADVERTISING AND
       UNFAIR COMPETITION


AND
DEMAND FOR JURY TRIAL

PLAINTIFFS ALAN HICKS, AARON HICKS, ROBERT RICHARDSON, and TWIN HICKS allege the following Complaint.

## I.

## JURISDICTION

1. This is a civil action for copyright infringement under 17 U. S. C. § 101, et seq., and supplemental claims arising under California state law.   The United States District Court has jurisdiction over the First Claim for Relief, for federal copyright infringement, under 28 U.S.C. § 1338(a).   The United States District Court has jurisdiction over the Sixth Claim for Relief, for violation of the federal Lanham Act,, under 15 U.S.C. § 1121(a).  The United States District Court has jurisdiction over the other claims for relief (Second Claim for Relief, for Breach of Contract; Third Claim for Relief, for Accounting; Fourth Claim for Relief, for Violation of Business and Professions Code § 17200; Fifth Claim for Relief, for Unauthorized Use of Name in Violation of Civil Code 3344; Seventh Claim for Relief, for Common Law Torts of False Advertising and Unfair Competition) under the supplemental jurisdiction provisions of 28 U.S.C. § 1367.

## II.

## PARTIES AND VENUE

2. Plaintiff Aaron Hicks is an individual.

3. Plaintiff Alan Hicks is an individual.

4. Plaintiff Robert Richardson is an individual residing in the State of California.

5. Plaintiffs Alan Hicks, Aaron Hicks and Richardson are brothers.  Plaintiff Twin Hicks is, and at all relevant times was, a joint venture or other business entity of which Aaron Hicks, Alan Hicks, and Robert Richardson are partners or venturers. Richardson is and at all relevant times was the managing partner of Twin Hicks.

6. Plaintiffs are informed and believe, and thereon allege, that Defendant Gregory Perkins is, and at all relevant times was, an individual conducting business in

**FIRST AMENDED COMPLAINT**

the State of California and within the Central District of California.

7.     Defendant Perkins, Inc. is a corporation organized under the laws of the State of California.   Plaintiffs are informed and believe, and thereon allege, that Perkins, Inc. conducts and at all relevant times conducted business in the State of California and within the Central District of California.

8.     Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 25, and therefore sues these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

9.     Plaintiffs are informed and believe and thereon allege that at all times herein mentioned each of the Defendants was the agent and employee of each of the remaining Defendants, and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.  Plaintiffs are informed and believe and on that basis allege that each of the fictitiously-named Defendants is liable to Plaintiff as hereinafter alleged, and that Plaintiff's rights against such fictitiously-named Defendants arise from such allegations.

10.     Perkins Defendants and Defendants Does 1-25 are collectively referred to hereinafter as "Defendants" or "Perkins Defendants"

11.     Plaintiffs are informed and believe, and thereon allege that, venue is proper in the Central District of California under 28 U.S.C. § 1400(a), because Defendants reside or their agents may be found in this district.  Plaintiffs are informed and believe, and thereon allege, that: (a) Perkins Defendants conduct, and at all relevant times, conducted business within the Central District of California; (b) Perkins Defendants are, and at all relevant times were, engaged in wrongful acts in the Central District of California, including sales and distribution of infringing materials as hereinafter alleged.

### III.

### FIRST CLAIM FOR RELIEF:

### FOR COPYRIGHT INFRINGEMENT

#### (By all Plaintiffs against all Defendants)

12.    Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 11 of this Complaint as though set forth here in full.

13.    Alan Hicks and Aaron Hicks are artists.

14.    Alan Hicks and Aaron Hicks have been painting since the age of eight. Over the years they have pioneered and developed a unique and well-known style of painting which combines skillful and lifelike representation of people of African American heritage, often in settings that emphasize traditional values, Biblical themes, family settings, and inspirational and heartwarming motifs.  Their works have been exhibited throughout the country and have appeared in various publications such as Ebony, Jet, and Upscale Magazine.

15.    Alan Hicks and Aaron Hicks have combined their unique brotherly heritage as twins with their surname "Hicks" to form the name "Twin Hicks," through which they have often marketed their artworks.  Alan and Aaron Hicks are known as artists Twin Hicks.  Their brother Robert Richardson acts as their business manager.

16.    Aaron Hicks has registered numerous of his artworks under the Copyright Act, 17 U.S.C. § 101, et seq.  A copy of the Public Catalog of the United States Copyright office, downloaded from the public search feature, showing the copyrights registered to Aaron Hicks is attached hereto as Exhibit A (the "Aaron Hicks Copyrights").  Aaron Hicks is, and at all relevant times has been, the registered owner of the Aaron Hicks Copyrights.

17.    Alan Hicks has registered numerous of his artworks under the Copyright Act, 17 U.S.C. § 101, et seq.  A copy of the Public Catalog of the United States Copyright office, downloaded from the public search feature, showing the copyrights

ROBINSON & ROBINSON LLP
SERVING JUSTICE * RRLAWYERS.COM

registered to Alan Hicks is attached hereto as Exhibit B.  In addition, Alan Hicks has applied for copyright registration for other artworks, including but not limited to those known as "Knight in Shining Armor," "Good Shepard",  "Grove Back" [or Groove Back]", "In Daddy['s] Shoes," "Kneeling, Praying Girl" (collectively, the "Pending Copyrights").   Plaintiffs are informed and believe, and thereon allege, that actual registrations for the Pending Copyrights will be issued imminently,  The Pending Copyrights and copyrights listed on Exhibit B are referred to hereinafter as the "Alan Hicks Copyrights."   Alan Hicks is, and at all relevant times has been, the registered owner of the Alan Hicks Copyrights.

18.   Perkins Defendants operate a publishing business using various trade names, including but not limited to Perkins, "African American Expressions," and "Black-Gifts.com" Perkins Defendants.

19.   Alan Hicks and Aaron Hicks duly licensed and authorized Robert Richardson and Twin Hicks to license the publication of selected works.   Under license, Robert Richardson and Twin Hicks entered into various written agreements with Perkins Defendants authorizing Perkins Defendants to use specifically designated artworks in limited ways, and for a limited time.   Plaintiffs are informed and believe, and thereon allege, that all agreements between Robert Richardson, Twin Hicks and Perkins Defendants have previously expired.

20.   Plaintiffs are informed and believe, and thereon allege, that Perkins Defendants have, within the statutory limitations period, unlawfully, wrongfully and willfully infringed on multiple Aaron Hicks Copyrights and Alan Hicks Copyrights. Perkins Defendants have infringed on multiple copyrights, including but not necessarily limited to those listed in the "Selected Copyrights" tables below, by copying, reproducing, adapting and/or printing the copyrighted works on various catalogs, calendars, cards, book covers, bible organizers, journals, and or other items which Perkins Defendants have sold or offered for sale to the public, without authorization from Plaintiffs.   Plaintiffs are not aware of the full extent of the

**FIRST AMENDED COMPLAINT**

Defendants' wrongful infringements on the Plaintiffs' copyrights. However, Plaintiffs are informed and believe and thereon allege, that Perkins Defendants' copyright infringements includes, but is not necessarily limited to, the artworks listed in the following tables:

| ALAN Hicks—Selected Copyrights | | |
|---|---|---|
| No. | Artwork Reference | Copyright Number |
| 1 | He's Risen | VA0001086534 |
| 2 | Prodigal Son | VA0001086535 |
| 3 | Knight in Shining Armor | Pending |
| 4 | Good Shepard | Pending |
| 5 | In Daddy['s] Shoes | Pending |
| 6 | Grove Back | Pending |
| 7 | Kneeling, Praying Girl | Pending |

| Aaron Hicks –Selected Copyrights | | |
|---|---|---|
| No. | Artwork Reference | Copyright Number |
| 1 | Moses Parting the Red Sea | VA0001095250 |
| 2 | Flower Girl | VA0001095252 |
| 3 | Hands of Power L748 (Praying Hands) | VA0001058112 |
| 4 | Daniel in Lion's Den | VA0000956087 |
| 5 | Jesus is Knocking | VA0001058110 |

21.    Plaintiffs are informed and believe, and thereon allege, that Defendants have, without authorization, published and offered for sale Selected Copyrights and other works in their catalogs and/or websites, and/or by other means. Plaintiffs are informed and believe that Perkins Defendants use of the copyrighted works was

ROBINSON & ROBINSON LLP
SERVING JUSTICE * RRLAWYERS.COM

wrongful, deliberate and willful.  At no time have Perkins Defendants compensated Plaintiffs for their unauthorized use of the copyrighted material.

22.   By reason of Defendants infringement and threatened infringement, Plaintiffs have sustained, and will continue to sustain, substantial injury, loss and damage to their ownership rights in the copyrighted works.

23.   Further irreparable harm to Plaintiffs is imminent as a result of Defendants' conduct, and Plaintiffs are without an adequate remedy at law.  Pursuant to applicable law, including but necessarily limited to 28 U.S.C. § 502, Plaintiffs are entitled to a preliminary and permanent injunction restraining Defendants, and their officers, directors, owners, agents, employees, representatives and all persons acting in concert with them, from engaging in any further acts of copyright infringement.

24.   Pursuant to applicable law, including but not limited to 28 U.S.C. § 504, Plaintiffs are further entitled to recover from Defendants the damages sustained as a result of Defendants' acts of copyright infringement, and/or statutory damages, including damages for willful conduct, according to proof.

25.   Plaintiffs are further entitled to recover from Defendants the gains, profits and advantages that Defendants have obtained as a result of their acts of copyright infringement.

26.   Pursuant to applicable law, including but not limited to 28 U.S.C. § 502, Plaintiffs are further entitled to an order for the impounding and/or destruction of all material containing copyrighted images as well as the materials and means for producing them which are in the possession, custody or control of Defendants.

27.   Plaintiffs are entitled by statute to recover their reasonable attorneys' fees pursuant to 28 U.S.C. § 505.

# IV.

## SECOND CLAIM FOR RELIEF:

### BREACH OF CONTRACT

**(By Plaintiffs Richardson and Twin Hicks against all Defendants)**

28.   Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 12 through 27 of this Complaint as though set forth here in full.

29.   Plaintiffs Richardson and Twin Hicks entered into one or more written contracts with the Perkins Defendants.  Under the terms of these written agreements, Perkins Defendants received a license to publish certain artworks on calendars and cards of Plaintiffs for a limited period of time.   The licensed artworks included, without limitation, those artworks listed in the following table:

| No. | Artwork Reference |
|-----|-------------------|
| 1 | Prodigal Son |
| 2 | Moses Parting Red Sea |
| 3 | Praying Hands (or Hands of Power L748) |
| 4 | Groove ["Grove"] Back |
| 5 | In Daddy's Shoes |

30.   Plaintiffs Richardson and Twin Hicks performed all obligations of under the written agreements, except those which are excused due to the breaches of Defendants.

31.   Within the past four years, Defendants breached the written agreements. Defendants' breaches include, without limitation:  (a) Publishing, using and selling licensed works, including but not necessarily limited to the works listed above, after the expirations of the written agreements; (b) using, copying and selling licensed

works, including but not necessarily limited to the works listed above, for purposes and on products not specified in the written agreements.

32.     As a direct result of Defendants' actions, Plaintiffs have been damaged. Plaintiffs are entitled to recover consequential, incidental and special damages according to proof.

33.     Defendants are entitled to prejudgment interest.

## V.

## THIRD CLAIM FOR RELIEF:

### ACCOUNTING

### (By all Plaintiffs against all Defendants)

34.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 28 through 33 of this Complaint as though set forth here in full.

35.     Defendants from time to time solicited Plaintiffs for the rights to publish various artworks.  Plaintiffs are informed and believe that Defendants wrongfully used Plaintiffs' artworks in a manner not authorized by any written license or agreement. Plaintiffs are informed and believe, and thereon allege, that Defendants have secretly profited by their unilateral and unauthorized usage of Defendants' artworks.  Plaintiffs are entitled to an accounting of all monies derived by Plaintiffs from usage of artworks of Defendants.

## VI.

## FOURTH CLAIM FOR RELIEF:

### BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.

### (By all Plaintiffs against all Defendants)

36.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 34 through 35 of this Complaint as though set forth here in full.

37.   Plaintiffs are informed and believe, and thereon allege, that Defendants engaged in one or more unlawful, unfair, or fraudulent business practices, in violation of Section 17200, et seq. of the California Business and Professions Code. Defendants' unlawful, unfair or fraudulent business practices include (without limitation):

   i.   Obtaining access to one or more of Plaintiffs' unique artworks on the pretense of licensing the work for publication; declining a license; secretly, and without notice to Plaintiffs, publishing and selling unauthorized copies and products using the artwork, without compensating Plaintiffs.

   ii.   Continuing to use Plaintiffs' licensed artworks, after expiration of licenses, without notice to compensation to Plaintiffs.

   iii.   Engaging in false advertising.

   iv.   Using the names of one or more Plaintiffs to sell products that do not contain their artwork and/or without authorization of Plaintiffs.

38.   Plaintiffs have been injured in fact, and have lost money, as a result of the unlawful, fraudulent, and/or unfair business practices of Defendants.  Plaintiffs are informed and believe, and thereon allege, that these injuries in fact, and losses of money include, unauthorized use of Plaintiffs artworks and diverted income from sales of Plaintiffs' artworks.

   39.  Plaintiffs have standing to assert this claim under Business & Professions Code Section 17204.

40.   Plaintiffs are entitled to issuance of injunctive relief and equitable relief against Cross-Defendants under Sections 17200, et seq. of the Business and Professions Code to deter and prevent any ongoing or future violations of the law, to order restitution and disgorgement of all monies wrongfully obtained or gained by Defendants' wrongful actions.

# VII.

## FIFTH CLAIM FOR RELIEF:

### UNAUTHORIZED USE OF NAME OR LIKENESS

### CALIFORNIA CIVIL CODE SECTION 3344

### (By all Plaintiffs against all Defendants)

41.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 36 through 40 of this Complaint as though set forth here in full.

42.     Plaintiffs are informed and believe, and thereon allege that Defendants knowingly used the name or likeness of Alan Hicks or Aaron Hicks and/or "Twin Hicks" on or in products or for purposes of advertising or selling, or soliciting purchases of, products, goods, or services, without consent of Plaintiffs.  Defendants violated Civil Code Section 3344.

43.     For instance, and without limitation, Plaintiffs are informed and believe, that Defendants are using, and have in the past used, the name "Twin Hicks" to sell one or more items that were not the artworks of the Twin Hicks, Alan Hicks or Aaron Hicks, including but not limited to a "Walking By Faith 2011" calendar sold through Defendants' website "www.black-gifts.com."  Defendants knowingly stated that this calendar was "created" by, among other persons, "Artists Twin Hicks," thereby referring to Alan Hicks and Aaron Hick.   This statement was unauthorized, false and misleading.

44.     Defendants are liable to Plaintiffs for the actual damages, statutory damages, profits for unauthorized use that are attributable to the use, and punitive damages, as provided in Civil Code Section 3344(a).

45.     Plaintiffs are further entitled to an award of attorneys' fees against Defendants pursuant to Section 3344(a) of the California Civil Code.

# VIII.

## SIXTH CLAIM FOR RELIEF:

## VIOLATION OF LANHAM ACT,

## 11 U.S.C. § 1125,  ETC.

### (By all Plaintiffs against all Defendants)

46.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 41 through 45 of this Complaint as though set forth here in full.

47.     Plaintiffs are informed and believe, and thereon allege that Defendants have violated the Lanham Act, 15 U.S.C. § 1125(a), etc.  In particular, and without limitation, Defendants, in connection with goods, have used in commerce, one or more words, terms, names, or combinations thereof, and giving false or misleading descriptions of fact which are likely to cause mistake, or deceive as to the affiliation, connection, or association of such person with another person, and/or as to the origin, sponsorship or approval of his or her goods, or commercial activities by another person;  and/or Plaintiffs have in commercial advertising and promotion misrepresented, and/or are continuing to misrepresent, the nature of their goods.

48.     Defendants knowingly used, or are using, the name or likeness of Alan Hicks or Aaron Hicks and/or Twin Hicks on their website to sell calendars and/or other products that were not created by Alan Hicks, Aaron Hicks, and/or Twin Hicks. For instance, and without limitation, Defendants sold 2011 "Walking By Faith" calendars by falsely advertising such calendars as containing artwork of Twin Hicks, in fact, the calendars contain no artwork by Alan or Aaron Hicks.

49.     To the extent Defendants' conduct is ongoing Plaintiffs are entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

50.     Pursuant to 15 U.S.C. § 1117(a), etc., Plaintiffs are entitled to recover Defendants' profits, Plaintiffs' actual damages, treble damages, attorneys fees, costs

and attorneys' fees, and any other remedies available at law or equity.

## IX.

### SEVENTH CLAIM FOR RELIEF:

### COMMON LAW TORTS OF FALSE ADVERTISING AND UNFAIR COMPETITION

### (By all Plaintiffs against all Defendants)

51.     Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 46 through 50 of this Complaint as though set forth here in full.

52.     Plaintiffs are informed and believe, and thereon allege, that Defendants are and have been falsely advertising and passing off to the public one or more of their products as those of Aaron Hicks, Alan Hicks, and/or Twin Hicks,  when such product or products do not contain artwork of Aaron Hicks, Alan Hicks, and/or Twin Hicks. Plaintiffs are informed and believe, and thereon allege, that Defendants have been wrongfully competing with Plaintiffs by falsely advertising and passing off to the public one or more of their products as those of Aaron Hicks, Alan Hicks, and/or Twin Hicks, when such product or products do not contain artwork of Aaron Hicks, Alan Hicks, and/or Twin Hicks.

53.     Plaintiffs are entitled to recover their actual damages, and or all profits obtained by Defendants through their wrongful conduct, and any other remedies available at law or equity.

54.     Plaintiffs are informed and believe, and thereon allege, that Defendants' actions constituted oppression, fraud, and/or malice within the meaning of Section 3294 of the California Civil Code; and that Plaintiffs are entitled to recover punitive or exemplary damages pursuant to California Civil Code section 3294.

### PRAYER

55.     Plaintiffs, and each of them, request the following relief against all Defendants, jointly and severally.

ROBINSON & ROBINSON LLP
SERVING JUSTICE * RRLAWYERS.COM

ROBINSON & ROBINSON LLP
SERVING JUSTICE * RRLAWYERS.COM

### First Claim for Relief

56.   For a preliminary and permanent injunction enjoining and restraining Defendants and all persons acting in concert with them from manufacturing, reproducing, distributing, adapting, displaying, copying, offering for sale, and/or selling any copyrighted works, and obligating Defendants to deliver to the Court for destruction or other reasonable disposition all such materials or means for producing copyrighted materials in Defendants' possession, custody or control.

57.   For actual damages, or statutory damages, whichever is greater, and including an award of damage for willful conduct, according to proof at trial.

58.   For reasonable attorneys fees.

59.   For such other and further relief as the Court deems just and proper.

### Second Claim for Relief

60.   For actual damages, according to proof.

### Third Claim for Relief

61.   For an accounting of all monies received by Defendants from any use or publication of Plaintiffs' artworks.

### Fourth Claim for Relief

62.   For a preliminary and permanent injunction enjoining and restraining Defendants and all persons acting in concert with them from engaging in any unfair, fraudulent and deceptive practices;

63.   For an order requiring Defendants to disgorge to Plaintiffs all monies derived from their wrongful actions.

64.   Actual damages, or statutory damages, whichever is greater, and including an award of damage for willful conduct, according to proof at trial.

### Fifth Claim for Relief

65.   For actual and/or statutory damages, according to proof.

66.   For punitive damages, according to proof.

67.   For reasonable attorneys' fees, according to proof.

**FIRST AMENDED COMPLAINT**                                                    14

### Sixth Claim for Relief

68.   For actual and/or statutory damages, according to proof.

69.   For preliminary and permanent injunctive relief.

70.   For treble damages, and all other damages available by statute, according to proof.

71.   For reasonable attorneys' fees, according to proof.

### Seventh Claim for Relief

72.   For actual and/or statutory damages, according to proof.

73.   For punitive damages, according to proof.

### On All Claims for Relief

74.   For prejudgment interest as allowed by law.

75.   For costs of suit.

76.   For such other and further relief as the Court deems just and proper.

Date: September 7, 2011

Respectfully submitted,
ROBINSON & ROBINSON, LLP

Jeffrey A. Robinson
Attorneys for Plaintiffs Alan Hicks;
Aaron Hicks; Robert Richardson; Twin Hicks

## DEMAND FOR JURY TRIAL

77.        Plaintiffs Alan Hicks, Aaron Hicks, Robert Richardson, and Twin Hicks hereby demand a jury trial in this lawsuit.

Date: September 7, 2011                    Respectfully submitted,
                                           ROBINSON & ROBINSON, LLP


                                           Jeffrey A. Robinson
                                           Attorneys for Plaintiffs Alan Hicks;
                                           Aaron Hicks; Robert Richardson; Twin Hicks

**FIRST AMENDED COMPLAINT**

**EXHIBIT A**



| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = Hicks, Aaron
Search Results: Displaying 1 through 14 of 14 entries.



Set Search Limits

Resort results by:

| # | Name (NALL) < | Full Title | Copyright Number | Date |
|---|---|---|---|---|
| [ 1 ] | Hicks, Aaron | African dream. | VA0001095249 | 1996 |
| [ 2 ] | Hicks, Aaron | Daniel : no. L648. | VA0000956087 | 1998 |
| [ 3 ] | Hicks, Aaron | Flower girl. | VA0001095252 | 2000 |
| [ 4 ] | Hicks, Aaron | Hands of power : no. L748. | VA0001058112 | 2000 |
| [ 5 ] | Hicks, Aaron | Jesus is knocking : no. L765. | VA0001058110 | 2000 |
| [ 6 ] | Hicks, Aaron | Last Supper : no. L644. | VA0000956089 | 1998 |
| [ 7 ] | Hicks, Aaron | Moses parting the Red Sea. | VA0001095250 | 2000 |
| [ 8 ] | Hicks, Aaron | Proverbs 25:11 : no. L747. | VA0001058113 | 2000 |
| [ 9 ] | Hicks, Aaron | Samson an Deliah [sic] | VA0001095251 | 2000 |
| [ 10 ] | Hicks, Aaron | Unspoken word : no. L749. | VA0001058111 | 2000 |
| [ 11 ] | Hicks, Aaron J. | Orchid seed germination manual : a tool for the hobbyist | TX0006287036 | 2005 |
| [ 12 ] | Hicks, Aaron J. | Orchid seed germination media: A compendium of formulations. | TX0006647000 | 2007 |
| [ 13 ] | Hicks, Aaron J. 1970- | Asymbiotic technique of orchid seed germination / by Aaron J. Hicks ; edited by Robert Huber. | TX0005100429 | 1999 |
| [ 14 ] | Hicks, Aaron R., Jr., 1954- | POTW independent business vehicle. | VAu000276516 | 1993 |

15

Resort results by:

Set Search Limits

Clear Selected | Retain Selected

◀ previous | next ▶

| Save, Print and Email (Help Page) | |
|---|---|
| **Records** | Select Format: Full Record    Format for Print/Save |
| ○ All on Page<br>◉ Selected On Page<br>○ Selected all Pages | Enter your email address:                    Email |

Search for: Hicks, Aaron        Search by: Name (Crichton Michael; Walt Disney Company)        Item type

25 records per page                    Submit | Reset

Help  Search  History  **Titles**  Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page

16

http://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?Search_Arg=Hicks%2C+Aaron&Search_C...   3/1/2011

**EXHIBIT B**



| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Name = Hicks, Alan
Search Results: Displaying 1 through 26 of 26 entries.



Resort results by:

| Set Search Limits |

| # | Name (NALL) < | Full Title | Copyright Number | Date |
|---|---|---|---|---|
| ☐ [ 1 ] | Hicks, Alan | Boy potty kid. | VA0001086538 | 2000 |
| ☐ [ 2 ] | Hicks, Alan | Collective works of Savoir Faire. | PAu001840363 | 1995 |
| ☐ [ 3 ] | Hicks, Alan | Daddy's little girls. | VA0001086533 | 2000 |
| ☐ [ 4 ] | Hicks, Alan | Delta / Alan Hicks. | VA0000948653 | 1998 |
| ☐ [ 5 ] | Hicks, Alan | Final hour : no. L651 / Alan Hicks. | VA0000956095 | 1999 |
| ☐ [ 6 ] | Hicks, Alan | Girl potty kid. | VA0001086536 | 2000 |
| ☐ [ 7 ] | Hicks, Alan | He's risen. | VA0001086534 | 2000 |
| ☐ [ 8 ] | Hicks, Alan | He's risen : no. L760. | VA0001058096 | 2000 |
| ☐ [ 9 ] | Hicks, Alan | I'm starting early, Mama. | VA0001022827 | 1999 |
| ☐ [ 10 ] | Hicks, Alan | Jacob's well : catalog no. E506 / Alan Hicks. | VA0000934150 | 1998 |
| ☐ [ 11 ] | Hicks, Alan | Man! I can't waite [sic] | VA0001022826 | 1999 |
| ☐ [ 12 ] | Hicks, Alan | Perfect love. | VAu000447409 | 1999 |
| ☐ [ 13 ] | Hicks, Alan | Precious moments : no. L647 / Alan Hicks. | VA0000956094 | 1999 |
| ☐ [ 14 ] | Hicks, Alan | Prodigal. | VA0001086535 | 2000 |

18

WebVoyage Titles



| | | | | |
|---|---|---|---|---|
| [ 15 ] | Hicks, Alan | Rhapsody : a play in two acts / by Alan Hicks. | PAu002841750 | 1996 |
| [ 16 ] | Hicks, Alan | Their nightly prayers. | VA0001086537 | 2000 |
| [ 17 ] | Hicks, Alan | Touch : no. L764. | VA0001058109 | 2000 |
| [ 18 ] | Hicks, Alan C., 1960- | Don't promise me. | PAu001930646 | 1994 |
| [ 19 ] | Hicks, Alan K., 1963- | Dancin' to the beat. | PAu001884685 | 1994 |
| [ 20 ] | Hicks, Alan Keith, 1963- | Together : piano/vocal : Yolandita (her Yolandita) Key & Alan Hicks, authors ; arr. by Steve Hogarse. | PAu000721029 | 1985 |
| [ 21 ] | Hicks, Alan Marritt, 1954- | Alan M. Hicks songs no. 1. | PAu000964558 | 1987 |
| [ 22 ] | Hicks, Alan Marritt, 1954- | The only one & 3 other selections. | PAu002906014 | 2004 |
| [ 23 ] | Hicks, Alan Marritt, 1954- | Hole in my heart / Alan M. Hicks. | PAu001115452 | 1989 |
| [ 24 ] | Hicks, Alan Marritt, 1954- | I lost the prize / Alan M. Hicks. | PAu001142220 | 1988 |
| [ 25 ] | Hicks, Alan Marritt, 1954- | Second Chance. | PAu002493207 | 2000 |
| [ 26 ] | Hicks, Alan Marritt, 1954- | White lines / Alan Hicks. | PAu000192506 | 1983 |

**Resort results by:**

Set Search Limits

Clear Selected   Retain Selected

◄ previous   next ►

| Save, Print and Email (Help Page) | | |
|---|---|---|
| **Records** | Select Format: Full Record   Format for Print/Save | |
| ○ All on Page<br>● Selected On Page<br>○ Selected all Pages | Enter your email address: | Email |

Search for: Hicks, Alan       Search by:  Name (Crichton Michael; Walt Disney Company)       Item type

50 records per page                                                    Submit   Reset

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page

19

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the county of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is **2301 Dupont Drive, Suite 530, Irvine, CA 92612.**

On September 7, 2011, I served the documents described as **STIPULATION TO FILING OF FIRST AMENDED COMPLAINT** on interested parties in this action, listed below as follows:

**[X]** by placing **[ ]** the original **[X]** a true copy thereof enclosed in a sealed envelope(s) ["envelope"] addressed as follows:

Scott M. Plamondon, Esq.
Weintraub Genshlea Chediak
Law Corporation
400 Capitol Mall, 11th Floor
Sacramento, CA 95814
Ph: 916-558-6000
Fx: 916-446-1611

**[X]**    I caused the above documents to be submitted to the Court for filing and electronic service through the CM/ECF System in accordance with Local Rule 5-3.3 and General Orders 08-02.

**[ ] (BY MAIL)[C.C.P. § 1013(a)(1)**Person Depositing in Mail] On July 28, 2011, I deposited such envelope in the mail at Irvine, California.  The envelope was mailed with postage thereon fully prepaid.

**[X] (FEDERAL)** I certify and declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 7, 2011



Barbie Dawson

---

3

**STIPULATION TO FILING OF FIRST AMENDED COMPLAINT**