1  Scott M. Hervey, State Bar No. 180188
2  Scott M. Plamondon, State Bar No. 212294
   Chelcey E. Lieber, State Bar No. 252397
3  **WEINTRAUB GENSHLEA CHEDIAK**
   Law Corporation
4  400 Capitol Mall, 11th Floor
   Sacramento, California   95814
5  (916) 558-6000 – Main
   (916) 446-1611 – Facsimile
6

7  Attorneys for Defendants Gregory Perkins
   and Perkins, Inc.
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12 ALAN HICKS, an individual; AARON    ) Case No. CV11-01894 PSG (JLGx)
   HICKS, an individual; ROBERT        )
13 RICHARDSON, an individual; TWIN     )
14 HICKS, a joint venture,             )
                                       ) **ANSWER TO FIRST AMENDED**
15            Plaintiffs,              ) **COMPLAINT FOR:**
                                       )
16        vs.                          ) 1.  COPYRIGHT INFRINGEMENT;
                                       ) 2.  BREACH OF CONTRACT;
17                                     ) 3.  ACCOUNTING;
   GREGORY PERKINS, an individual;     ) 4.  UNFAIR BUSINESS PRACTICES
18 PERKINS, INC., a corporation; and   )        (CIVIL CODE SECTION 17200)
   DOES 1-10, inclusive,              ) 5.  UNAUTHORIZED USE OF NAME
19                                     )        (CIVIL CODE SECTION 3344);
20            Defendants.              ) 6.  VIOLATION OF LANHAM ACT;
                                       ) 7.  COMMON LAW TORTS AND
21                                     ) FALSE ADVERTISING AND UNFAIR
                                       ) COMPETITION
22                                     )
23 _____) **DEMAND FOR JURY TRIAL**

24

25      Defendants Gregory Perkins and Perkins, Inc. (collectively, "Defendants")

26 answer the First Amended Complaint, for themselves and no others, as follows:

27                              <u>JURISDICTION</u>

28      1.     Defendants   admit   that   plaintiffs   allege   a   claim   for   copyright

infringement, which arises under Titles 17 and 28 of the United States Code, and alleges state law claims.

<u>PARTIES AND VENUE</u>

2.     Defendants admit that Aaron Hicks is an individual.

3.     Defendants admit that Alan Hicks is an individual.

4.     Defendants admit that Robert Richardson is an individual residing in the State of California.

5.     Defendants have no information or belief sufficient to enable them to answer the allegations of paragraph 5 and, basing their denial on that ground, deny generally and specifically each and every allegation.

6.     Defendants admit that Gregory Perkins is, and at relevant times was, an individual conducting business in the State of California and within the Central District of California.

7.     Defendants admit that Perkins, Inc. is a corporation organized under the laws of the State of California and conducts, and at all relevant times conducted, business in the State of California and within the Central District of California. Defendants deny generally and specifically all other allegations of paragraph 7.

8.     Defendants have no information or belief sufficient to enable them to answer the allegations of paragraph 8 and, basing their denial on that ground, deny generally and specifically each and every allegation.

9.     Defendants deny generally and specifically each and every allegation of paragraph 9.

10.     Defendants admit the allegation in paragraph 10.

11.     Defendants admit that Defendants reside, or their agents may be found, in the Central District of California.  Defendants admit that Defendants conduct, and at all relevant times, conducted business within the Central District of California.  Defendants deny generally and specifically all other allegations of

**weintraub** genshlea chediak
LAW CORPORATION

1   paragraph 11.

2   <u>FIRST CLAIM FOR RELIEF</u>

3   FOR COPYRIGHT INFRINGEMENT

4   (By All Plaintiffs Against All Defendants)

5        12.    Defendants repeat and incorporate by reference the allegations of

6   paragraphs 1 through 11 above as if fully set forth herein.

7        13.    Defendants have no information or belief sufficient to enable them to

8   answer the allegations of paragraph 13 and, basing their denial on that ground,

9   deny generally and specifically each and every allegation.

10       14.    Defendants have no information or belief sufficient to enable them to

11  answer the allegations of paragraph 14 and, basing their denial on that ground,

12  deny generally and specifically each and every allegation.

13       15.    Defendants have no information or belief sufficient to enable them to

14  answer the allegations of paragraph 15 and, basing their denial on that ground,

15  deny generally and specifically each and every allegation.

16       16.    Defendants have no information or belief sufficient to enable them to

17  answer the allegations of paragraph 16 and, basing their denial on that ground,

18  deny generally and specifically each and every allegation.

19       17.    Defendants have no information or belief sufficient to enable them to

20  answer the allegations of paragraph 17 and, basing their denial on that ground,

21  deny generally and specifically each and every allegation.

22       18.    Defendants have no information or belief sufficient to enable them to

23  answer the allegations of paragraph 18 and, basing their denial on that ground,

24  deny generally and specifically each and every allegation.

25       19.    Defendants admit that Alan Hicks and Aaron Hicks duly licensed and

26  authorized Robert Richardson and Twin Hicks to license the publication of works

27  at issue in Plaintiff's first amended complaint.   Defendants admit that Robert

28  Richardson and Twin Hicks entered into various written agreements with the

**weintraub** genshlea chediak
LAW CORPORATION

Defendants authorizing the Defendants to publish, manufacture, distribute and sell a variety of products incorporating the works at issue in Defendant's first amended complaint.  The Defendants deny generally and specifically each and every remaining allegation of paragraph 19.

20. Defendants deny generally and specifically each and every allegation of paragraph 20.

21. Defendants deny generally and specifically each and every allegation of paragraph 21.

22. Defendants deny generally and specifically each and every allegation of paragraph 22.

23. Defendants deny generally and specifically each and every allegation of paragraph 23.

24. Defendants deny generally and specifically each and every allegation of paragraph 24.

25. Defendants deny generally and specifically each and every allegation of paragraph 25.

26. Defendants deny generally and specifically each and every allegation of paragraph 26.

27. Defendants deny generally and specifically each and every allegation of paragraph 27.

<u>SECOND CLAIM FOR RELIEF</u>

FOR BREACH OF CONTRACT

(By Plaintiffs Richardson and Twin Hicks Against All Defendants)

28. Defendants repeat and incorporate by reference the allegations of paragraphs 1 through 27 above as if fully set forth herein.

29. Defendants admit the allegations of paragraph 29.

30. Defendants deny generally and specifically each and every allegation of paragraph 30.

**weintraub** genshlea chediak
LAW CORPORATION

31.    Defendants deny generally and specifically each and every allegation of paragraph 31.

32.    Defendants deny generally and specifically each and every allegation of paragraph 32.

33.    Defendants deny generally and specifically each and every allegation of paragraph 33.

## THIRD CLAIM FOR RELIEF

### ACCOUNTING

### (By All Plaintiffs Against All Defendants)

34.    Defendants repeat and incorporate by reference the allegations of paragraphs 1 through 33 above as if fully set forth herein.

35.    Defendants deny generally and specifically each and every allegation of paragraph 35.

## FOURTH CLAIM FOR RELIEF

### BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.

### (By All Plaintiffs Against All Defendants)

36.    Answering defendants repeat and incorporate by reference the allegations of paragraphs 1 through 36 above as if fully set forth herein.

37.    Defendants deny generally and specifically each and every allegation of paragraph 37.

38.    Defendants deny generally and specifically each and every allegation of paragraph 38.

39.    Defendants deny generally and specifically each and every allegation of paragraph 39.

40.    Defendants deny generally and specifically each and every allegation of paragraph 40.

/ / /

/ / /

weintraub genshlea chediak
LAW CORPORATION

## FIFTH CLAIM FOR RELIEF

## UNAUTHORIZED USE OF NAME OR LIKENESS

## CALIFORNIA CIVIL CODE SECTION 3344

### (By All Plaintiffs Against All Defendants)

41.   Defendants repeat and incorporate by reference the allegations of paragraphs 1 through 40 above as if fully set forth herein.

42.   Defendants deny generally and specifically each and every allegation of paragraph 42.

43.   Defendants deny generally and specifically each and every allegation of paragraph 43.

44.   Defendants deny generally and specifically each and every allegation of paragraph 44.

45.   Defendants deny generally and specifically each and every allegation of paragraph 45.

## SIXTH CLAIM FOR RELIEF

## VIOLATION OF LANHAM ACT

## 11 U.S.C. § 1125, ETC.

### (By All Plaintiffs Against All Defendants)

46.   Defendants repeat and incorporate by reference the allegations of paragraphs 1 through 45 above as if fully set forth herein.

47.   Defendants deny generally and specifically each and every allegations of paragraph 47.

48.   Defendants deny generally and specifically each and every allegations of paragraph 48.

49.   Defendants deny generally and specifically each and every allegations of paragraph 49.

50.   Defendants deny generally and specifically each and every allegations of paragraph 50.

Answer to First Amended Complaint

weintraub genshlea chediak
LAW CORPORATION

weintraub genshlea chediak
LAW CORPORATION

## SEVENTH CLAIM FOR RELIEF

## COMMON LAW TORTS OF FALSE ADVERTISING AND UNFAIR COMPETITION

### (By All Plaintiffs Against All Defendants)

51.     Defendants repeat and incorporate by reference the allegations of paragraphs 1 through 50 above as if fully set forth herein.

52.     Defendants deny generally and specifically each and every allegations of paragraph 52.

53.     Defendants deny generally and specifically each and every allegations of paragraph 53.

54.     Defendants deny generally and specifically each and every allegations of paragraph 54.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As and for an affirmative defense to all claims for relief, Defendants allege:

55.     The First Amended Complaint, and each purported claim for relief contained therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As and for an affirmative defense to all claims for relief, Defendants allege:

56.     Plaintiffs have failed to state a claim upon which they can recover attorneys' fees, punitive damages, or costs.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

As and for an affirmative defense to all claims for relief, Defendants allege:

57.     By reasons of Plaintiffs' conduct, Plaintiffs have waived their right to assert each and all claims alleged in the First Amended Complaint.

///

**weintraub** genshlea chediak
LAW CORPORATION

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

As and for an affirmative defense to all claims for relief, Defendants allege:

58.   By reason of Plaintiffs' conduct, Plaintiffs are estopped to assert each and all of the claims alleged in the First Amended Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As and for an affirmative defense to all claims for relief, Defendants allege:

59.   By reason of Plaintiffs' acts and conduct in the matters which are the subject of the First Amended Complaint, Plaintiffs are barred from obtaining the relief sought in the First Amended Complaint, or any other relief whatsoever, by virtue of the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

As and for an affirmative defense to all claims for relief, Defendants allege:

60.   By reason of Plaintiffs' acts and conduct in the matters which are the subject of the First Amended Complaint, Plaintiffs are barred from obtaining the relief sought in the First Amended Complaint, or any other relief whatsoever, by virtue of the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (License)

As and for an affirmative defense to all claims for relief, Defendants allege:

61.   Plaintiffs' claims are barred because Defendants have a license to copy, reproduce, distribute, publicly display, and create derivative works of the artistic works which are the subject of the First Amended Complaint.

///

///

///

## EIGHTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

As and for an affirmative defense to all claims for relief, Defendants allege:

62.    Plaintiffs' claims are barred by the applicable statutes of limitation, including, but not limited to, Code of Civil Procedure section 339.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As and for an affirmative defense to all claims for relief, Defendants allege:

63.    The purported damages sought by Plaintiffs were proximately caused by Plaintiffs' failure to mitigate damages.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

As and for an affirmative defense to all claims for relief, Defendants allege:

64.    Plaintiffs lack standing to seek the requested relief against Defendants based on the matters of which Plaintiffs complain.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Do Equity)

As and for an affirmative defense to all claims for relief, Defendants allege:

65.    No relief may be obtained under the First Amended Complaint by reason of Plaintiffs' failure to do equity in the matters alleged in the First Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Consent)

As and for an affirmative defense to all claims for relief, Defendants allege:

66.    Plaintiffs consented to and approved all of the acts and omissions about which Plaintiffs now complain.

///

///

**weintraub** genshlea chediak
LAW CORPORATION

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

As and for an affirmative defense to all claims for relief, Defendants allege:

67.    Plaintiffs approved of, acquiesced in, or otherwise ratified the actions of Defendants, and Plaintiffs are therefore barred from any recovery under the First Amended Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

As and for an affirmative defense to all claims for relief, Defendants allege:

68.    Plaintiffs are barred from obtaining relief sought in the First Amended Complaint, or any relief whatsoever, because Plaintiffs' enforcement of these alleged requirements serves to frustrate the purpose of the relevant agreements.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff and Third-Party Actions)

As and for an affirmative defense to all claims for relief, Defendants allege:

69.    Plaintiffs are barred from any recovery under the First Amended Complaint by virtue of the fact that any loss or damage sustained by Plaintiffs was caused solely, directly, and proximately by the intentional conduct, errors, faults, negligence, omissions, and breaches of obligations, by persons or entities other than Defendants, including, without limitation, Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As and for an affirmative defense to all claims for relief, Defendants allege:

70.    Plaintiffs have failed to mitigate their damages, if any, through the exercise of reasonable diligence, and Plaintiffs are therefore precluded from any recovery under the First Amended Complaint.

///

///

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Privilege and Justification)

As and for an affirmative defense to all claims for relief, Defendants allege:

71.   Plaintiffs are barred from obtaining the relief sought in the First Amended Complaint, or any relief whatsoever, because Defendants' conduct as alleged in the First Amended Complaint was legally privileged and/or justified.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Improper Purpose)

As and for an affirmative defense to all claims for relief, Defendants allege:

72.   The First Amended Complaint is presented for an improper purpose, including, but not limited to, harassing Defendants and/or abusing the process of law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Prevention of Performance)

As and for an affirmative defense to all claims for relief, Defendants allege:

73.   Plaintiffs breached the contract with Defendants by failing to timely, fully, and adequately perform the terms and conditions therein, thereby preventing Defendants' performance and discharging any obligations on the part of Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Detrimental Reliance)

As and for an affirmative defense to all claims for relief, Defendants allege:

74.   By Plaintiffs' own acts, conduct, and representations, which were relied upon by Defendants to their detriment, Plaintiffs are estopped from seeking the recovery alleged in the First Amended Complaint.

///

///

///

weintraub genshlea chediak
LAW CORPORATION

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

As and for an affirmative defense to all claims for relief, Defendants allege:

75.   Defendants allege that, by Plaintiffs' own acts, conduct, and representations, Plaintiffs have been or will be unjustly enriched and are therefore estopped from seeking the recovery alleged in the First Amended Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Unconscionability)

As and for an affirmative defense to all claims for relief, Defendants allege:

76.   Plaintiffs are barred from recovering the relief sought in the Complaint, or any relief whatsoever, by the doctrine of unconscionability as set forth in section 1670.5 of the California Civil Code.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unforeseeability)

As and for an affirmative defense to all claims for relief, Defendants allege:

77.   Plaintiffs' damages, if any, are barred because they were unforeseeable to Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Excuse/Discharge of Obligations)

As and for an affirmative defense to all claims for relief, Defendants allege:

78.   Plaintiffs are barred from recovering the relief sought in the First Amended Complaint, or any relief whatsoever, as any obligation to perform on the part of Defendants was excused and/or discharged.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Fraud)

As and for an affirmative defense to all claims for relief, Defendants allege:

79.   Plaintiffs are barred from obtaining the relief sought in the First Amended Complaint, or any other relief whatsoever, because they have

**weintraub** genshlea chediak
LAW CORPORATION

defrauded Defendants.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Good Faith and Fair Dealing)

As and for an affirmative defense to all claims for relief, Defendants allege:

80.     Plaintiffs are barred from obtaining the relief sought in the First Amended Complaint, or any relief whatsoever, because Plaintiffs violated the covenant of good faith and fair dealing.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Justiciability)

As and for an affirmative defense to all claims for relief, Defendants allege:

81.     Plaintiffs are barred from obtaining the relief sought in the First Amended Complaint, or any other relief whatsoever, because they have suffered no injury and, therefore, there is no justiciability to Plaintiffs' claims.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach)

As and for an affirmative defense to all claims for relief, Defendants allege:

82.     Plaintiffs are barred from obtaining the relief sought in the First Amended Complaint, or any other relief whatsoever, because Plaintiffs breached the written agreements.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Release)

As and for an affirmative defense to all claims for relief, Defendants allege:

83.     Defendants allege that Plaintiffs' actions, with full knowledge of all the facts, constituted a full release and waiver by Plaintiffs of any and all claims Plaintiffs may have against Defendants.

///

///

///

**weintraub** genshlea chediak
LAW CORPORATION

## THIRTIETH AFFIRMATIVE DEFENSE

### (Offset)

As and for an affirmative defense to all claims for relief, Defendants allege:

84.    Defendants deny that Plaintiffs are entitled to any relief under the First Amended Complaint.    However, if Plaintiffs are found to be entitled to any recovery from Defendants, Defendants are entitled to an offset.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Failure of Consideration)

As and for an affirmative defense to all claims for relief, Defendants allege:

85.    Plaintiffs are barred from recovering any damages or other relief by reason of the failure of consideration that defeats the effectiveness of the contract between the parties.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

As and for an affirmative defense to all claims for relief, Defendants allege:

86.    Plaintiffs' First Amended Complaint is barred in whole or in part because Plaintiffs have failed to satisfy conditions precedent found in the contract(s), if any, upon which Plaintiffs seek relief.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Illusory Promise)

As and for an affirmative defense to all claims for relief, Defendants allege:

87.    Plaintiffs' claims are barred because all promises comprising the alleged contract upon which Plaintiffs rely for recovery were illusory.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Modification)

As and for an affirmative defense to all claims for relief, Defendants allege:

88.    Plaintiffs are entitled to no relief because the contractual obligations alleged in the First Amended Complaint were modified, terminated, or canceled

weintraub genshlea chediak
LAW CORPORATION

by the parties.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Novation)

As and for an affirmative defense to all claims for relief, Defendants allege:

89.    Plaintiffs' claims are barred in whole or in part under the doctrine of novation.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

As and for an affirmative defense to all claims for relief, Defendants allege:

90.    Defendants currently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available.   Defendants reserve the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray:

1.    that Plaintiffs take nothing from answering defendants by reason of the First Amended Complaint;

2.    for dismissal of Plaintiffs' First Amended Complaint on all counts;

3.    that Defendants recover their costs of suit incurred in the defense of Plaintiffs' First Amended Complaint;

4.    that Defendants be awarded their attorneys' fees, costs, and other expenses incurred in the defense of Plaintiffs' First Amended Complaint; and

///

///

///

///

///

weintraub genshlea chediak
LAW CORPORATION

1     5.     for such other and further relief as the Court deems proper.

2

3  Dated:  November 9, 2011               Respectfully submitted,

4                                          **WEINTRAUB GENSHLEA CHEDIAK**
                                           Law Corporation
5

6                                          By:   /s/  Scott M. Plamondon
7                                                Scott M. Plamondon
                                                 State Bar No. 212294
8                                                Attorneys for Defendants
                                                 Gregory Perkins and Perkins, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**weintraub** genshlea chediak
LAW CORPORATION